

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SA/SDD
F. # 2012R01574

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 15, 2014

By ECF

Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Ahmed, et al. 12 CR 661 (S1) (SLT)</u>

Dear Judge Townes:

  The government respectfully submits this letter motion to offer testimony of various witnesses by deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure for the purpose of the anticipated hearing on the defendant's motion to suppress. As the government previously indicated in its response in opposition to the defendants' motion, the government expects to elicit testimony at the hearing from multiple witnesses that will establish that the defendants validly waived their <u>Miranda</u> rights and that their statements to agents of the Federal Bureau of Investigation ("FBI") were voluntarily made, and are therefore admissible at trial. Such witnesses include (1) FBI Agents and other U.S. government representatives, some of whom are currently located in New York or Washington, D.C., and others of whom are stationed abroad, (2) several representatives of a foreign government who are located abroad and are unavailable as witnesses in the United States, and (3) at least one foreign civilian witness who is located abroad and may also be unavailable as a witness in the United States.[1]

---

[1] With respect to trial, the government intends to separately call a number of civilian witnesses to testify against the defendants - including several cooperating witnesses - who will, among other things, detail certain of the defendants' criminal activities in connection with the designated terrorist organization, al-Shabaab. One or more cooperating witnesses and at least one civilian witness that the government anticipates testifying are located abroad and may be unavailable to testify at trial in the United States. At the conclusion of the

For reasons set forth below, the Court should grant the Government's motion.

I. <u>Background</u>

As set forth in the government's response in opposition filed on October 3, 2014, the government advised that on or about August 5, 2012, defendants Ali Yasin Ahmed, Mohamed Yusuf and Madhi Hashi were captured by foreign government officials as they surreptitiously transited a foreign country in East Africa, in violation of that country's immigration laws, on their way from Somalia to Yemen. Foreign authorities detained the defendants because they suspected that the men were terrorists and that they therefore posed a threat to their national security. The foreign officials interrogated the defendants for several days. Subsequently, between approximately August 21, 2012 and September 5, 2012, the foreign authorities permitted a group of American investigators to meet with the defendants and conduct a series of intelligence interviews. During these interviews by U.S. investigators, the defendants were not advised of their <u>Miranda</u> rights because the purpose of the interviews was to collect intelligence relating to potential, possibly imminent, threats to the United States and its allies.

Following the U.S. intelligence interviews, two FBI agents, who were not privy to the information that had been obtained from the prior interviews of the defendants, met with the defendants and advised them of their <u>Miranda</u> rights. Each of the defendants expressly waived <u>Miranda</u> and provided extensive statements to the FBI, which included detailed admissions of the defendants' membership in al-Shabaab and personal participation in various terrorist activities. Each of the FBI's <u>Mirandized</u> law enforcement interviews of defendants commenced several days after the conclusion of the U.S. intelligence interviews.

By written motion dated September 16, 2014, defendant Madhi Hashi moved to suppress his admissions to FBI agents. (<u>See</u> ECF No. 99). By motions dated September 19, 2014, defendants Ali Yasin Ahmed and Mohamed Yusuf also moved to suppress their respective admissions to FBI agents. (<u>See</u> ECF Nos. 100, 101). In sum, each of the defendants argues that their confessions to the FBI were involuntarily obtained in violation of the Fifth Amendment and the Supreme Court's guidance in <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985), and <u>Miranda v. Arizona,</u> 384 U.S. 436 (1966), because of the abusive conditions under which they were held and interrogated by foreign authorities. The defendants also argue that the constituting the fruits of their admissions should be suppressed. In addition, on September 26, 2014, defendant Mohamed Yusuf amended his motion to further allege that his arrest by American officials overseas was unlawful "because it was not supported by probable cause, and that there was insufficient attenuation between the defective arrest and his questioning by and making of statements to American officials to dissipate the Fourth Amendment taint." (ECF No. 103).

---

suppression hearing on the defendant's motions, the government will provide additional notice pursuant to Rule 15 for any such witnesses, should it prove necessary.

2

Based on the defendant's submissions, there is no dispute that the defendants expressly waived their Miranda rights in the context of the FBI interviews and signed waiver forms memorializing the relinquishment of their respective rights. The question before the Court, then, is whether such waivers and subsequent admissions were voluntarily made under the totality of the circumstances. The government expects to establish, through documentary evidence and the testimony of multiple witnesses with first-hand knowledge of the defendants' detention and overseas interrogation, that the defendants' waivers were knowing and voluntary and that their admissions to FBI agents, as memorialized in the FD-302 reports filed separately under seal, were similarly voluntary and therefore admissible at trial. In addition, the government will establish that the defendants' arrest by the FBI agents was fully supported by probable cause, and that any evidentiary fruits of their arrest and voluntary admissions are admissible. In connection with that testimony, the government files the instant motion.

II.   Depositions

Rule 15 of the Federal Rules of Criminal Procedure authorizes a party to "move that a prospective witness be deposed," and a "court may grant the motion because of exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). Here the government seeks authorization, pursuant to Rule 15, to depose representatives of a foreign government – who are unavailable for testimony before the Court - in connection with the hearing outside the United States without the defendant's presence. See Fed. R. Crim P. 15(c)(3)(C)(permitting a deposition overseas when "the witness's presence for a deposition in the United States cannot be obtained"). In this case, the United States government has officially inquired into whether the foreign government would allow the representatives to testify at any hearing in the United States and the foreign government denied the government's request. The foreign government has, however, authorized the above-referenced representatives to sit for deposition overseas, in a third country, and has also advised that the representatives are all available for testimony the week of November 17-21, 2014.

Given the serious logistical issues that may arise in connection with these depositions, the Court's standing scheduling order (including the looming trial date), and the

3

extensive diplomatic complications related to coordinating the deposition of foreign government representatives, the government respectfully requests that the Court order the depositions of these witness to take place during the week of November 17-21, 2014.[2]

                                            Respectfully submitted,

                                            LORETTA E. LYNCH
                                            United States Attorney

By:     /s/ Shreve Ariail
        Shreve Ariail
        Seth D. DuCharme
        Richard M. Tucker
        Assistant U.S. Attorneys

cc: All defense counsel of record, via ECF and e-mail

---

[2] The government will promptly file a proposed order in connection with this motion. With respect to the one foreign civilian witness who is located abroad and may also be unavailable as a witness at a hearing in the United States, the government will promptly file an additional request pursuant to Rule 15, should that witness also prove ultimately to be unavailable.