Jane Simkin Smith
Attorney At Law
P.O. Box 1277
Millbrook, New York 12545
845 724 3415
Fax 888-391-5018
jssmith1@optonline.net

November 25, 2014

BY ECF

Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Ahmed*, et al. 12 CR 661 (S1) (SLT)

Dear Judge Townes:

By this letter, defendant Mohamed Yusuf moves to preclude the anticipated testimony of "Jonas Lindh, or another Swedish expert in voice identification" (Government's Expert Witness Notice, dated November 1, 2014), on the ground that it does not meet the reliability requirements and standards of Federal Rule of Evidence 702 and the case law following *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).  See *United States v. Angleton*, 269 F. Supp. 892 (S.D. Tex. 2003) (explaining why expert voice-identification evidence has been deemed inadmissible in federal courts under *Daubert*).

Notably, in *Angleton, the government opposed* the introduction of expert testimony on voice identification on the ground that the expert's analysis was of questionable scientific validity and reliability.  See also *United States v. Ellis*, 263 Fed. Appx 286, 288  (4th Cir. 2008) (in opposing defendant's request for a continuance to obtain the testimony of a voice identification expert, government suggested the testimony would not be admissible under *Daubert*).

We have not been able to locate any federal cases since *Angleton* where, after a *Daubert* hearing, a voice identification expert was permitted to testify.   Indeed*,* as recently as last year, the government, citing *Angleton,* continued to take the position that "serious doubt exists whether the results of voice-identification analysis would be admissible at trial."  See *Sypher v. United States*, 2013 U.S. Dist. LEXIS 185283 (WD Ky 2013)*,* 09cr95, 13cv686 (Answer of United States in Opposition to §2255 motion, ecf document 309, p. 22).

Based on the 3500 material provided by the government alone, the proffered expert testimony in this case should be excluded pursuant to Federal Rules of Evidence 104(a), 401,

402, 403 and 702. The analyst noted problems with the quality of the recordings he was asked to analyze and specifically noted that, as a result, the probabilities of "making a strong case" were degraded. His conclusion, moreover, was vague and unhelpful ("The possibility of any other conclusion is considered to be small"), and, according to one of his measurements, even this conclusion was only moderately supported.

If not ruled inadmissible based on the government's proffer, we request a *Daubert* hearing at which the proffered expert's methodology and analysis can be explored, and this court's gatekeeping function can be exercised. In this connection, the defendant will need and requests funds for his own voice identification expert -- to help the defense to both intelligently evaluate the reliability of the particular analysis proffered by the government's expert here (the expert's report includes reference to unfamiliar terms such as "biometric voice analysis," "MFCCs (Mel Frequency Ceptral Coefficients)" and "GMMs (*Gaussian Mixture Models*)"), as well as ascertain whether the techniques that Mr. Lindh used are generally accepted in the scientific community.

In addition, and in any event, the defendant moves for the appointment of a Swedish interpreter. The 3500 material the government provided with respect to Mr. Lindh consists of an 18 page partially redacted document that is entirely in Swedish (35---JL-1) and 5 page document in English (entitled "3500-KL-1TR(D)_Redacted") that appears to be part translation and part summary of the 18 page document. We need our own interpreter to translate the original report and to assess the accuracy of the government's summary.

                                    Respectfully submitted,

                                    _____/s/_____

                                    Jane Simkin Smith, Esq.
                                    David Stern, Esq.

cc: All Counsel via ECF